IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRIANA KATRELL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-163 |
| | ) | |
| MYRA ORSBORN Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254.  Petitioner originally filed her petition in the Northern District of Georgia, and United States Magistrate Judge Linda T. Walker transferred the case to this District because Petitioner seeks to challenge her conviction(s) in the Superior Court of Richmond County, Georgia.  (See doc. no. 3.)  On November 2, 2023, the Clerk of Court issued a deficiency notice explaining Petitioner must pay the $5.00 filing fee or submit a properly completed motion to proceed *in forma pauperis* ("IFP") within twenty-one days.  Petitioner did neither, and according to publicly available records from the Georgia Department of Corrections, Petitioner was released from

___

[1]The Court **DIRECTS** the Clerk to substitute Myra Orsborn, the current Warden of Whitworth Women's Facility - Petitioner's place of incarceration at the time she filed her petition - as the proper Respondent.  See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

incarceration on October 27, 2023.  See https://gdc.georgia.gov; select Offender Search, Learn More; select Find an Offender, Search Now; select I agree; select Search by ID or Case Number, GDC ID Number 1003014976, Submit Form (last visited Dec. 5, 2023).   For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I. BACKGROUND

The procedural history of Petitioner's underlying case, as well as the exact nature of her claims for federal habeas corpus relief, are not entirely clear because Petitioner alternately states she pleaded not guilty and guilty to multiple felony counts related to obstructing and/or stalking a law enforcement officer.  (Doc. no. 1, p. 1.)  Her date of judgment of conviction is listed as "2019-2023."  (Id.)  Petitioner also states she was sentenced to a "mental health probation program" for "something she never did just to get out of jail."  (Id. at 8.)  In a nutshell, it appears Petitioner agreed to participate in some type of pretrial diversion / probation program to avoid incarceration, but when her probation was revoked, she was sentenced to a term of imprisonment that exceeded the term of probation to which she agreed.  (See generally doc. no. 1.)  Petitioner's stated grounds for relief are simply denials of the charges of which she was convicted, and she acknowledges she never filed a direct appeal or sought state habeas relief.  (Id. at 2-6.)

II. DISCUSSION

A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas

corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to her by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if [s]he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted her state judicial remedies when she has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on [her] claims before [s]he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless [s]he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in

state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of [her] state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of [her] available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B. Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that she has exhausted her state court remedies.  (See generally doc. no. 1.)  Indeed, she concedes she never filed for any state post-conviction relief.  It is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts.  Not only has Petitioner failed to state any basis for challenging her state conviction(s), other than making a general denial of guilt,[2] but requiring exhaustion will allow for factual development of any claims Petitioner may have and provide the state courts the first opportunity to correct any alleged constitutional violations.  As Petitioner has not exhausted available state court remedies, let alone identified any basis for federal habeas corpus relief, her petition should be dismissed without prejudice.[3]

---

[2]The petition violates the requirements Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts because it does not state the facts supporting each ground for relief.

[3]The Court recognizes that the one-year statute of limitations imposed AEDPA, 28 U.S.C. § 2244(d), may have expired.  However, the Court is unwilling to make a dispositive recommendation that the petition is time-barred.  Petitioner does not provide a case number or singular date for her judgment of conviction that would allow the Court to calculate when her statute of limitation began to run.  Indeed, the Court does not have a complete picture of Petitioner's underlying proceedings or the basis for any claims for relief because the entire petition is simply a denial of the charges upon which she was apparently incarcerated.  (See generally doc. no. 1.)

### C. The Petition Also Should Be Dismissed Because Petitioner Failed to Submit an IFP Motion or Pay the $5.00 Filing Fee and Failed to Keep the Court Apprised of a Current Address

As described above, the Clerk of Court issued Petitioner a deficiency notice explaining she must file an IFP motion or pay the $5.00 filing fee and warned her that failure to comply could result in dismissal of this case. (Doc. no. 6.) Petitioner has not responded to the notice, and in fact, she has not communicated with the Court at all since the filing of her petition. Because Petitioner is no longer incarcerated at the prison address on the docket, the Court is faced with a stagnant case and no way to communicate with Petitioner.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's

Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Petitioner's failure to submit an IFP motion, pay the $5.00 filing fee, or otherwise explain to the Court why she has not responded to the deficiency notice amounts to a failure to prosecute. Additionally, because Petitioner has been released and she has not provided the Court with a new address, the Court has no way to communicate with her. This is precisely the type of neglect contemplated by the Local Rules. Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is also subject to dismissal for failing to submit an IFP motion or pay the filing fee, as well as failing to keep the Court apprised of a current address.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of December, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA